**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 29, 2015[*]
Decided November 2, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 15-1303

| | |
|---|---|
| MICHELLE WELCHER-BUTLER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 2996 |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, *Defendant-Appellee*. | Charles R. Norgle, *Judge*. |

**O R D E R**

Michelle Welcher-Butler contends that the United States Postal Service fired her in retaliation for contesting earlier discipline. The district court granted the Postal Service's motion for summary judgment, concluding that Welcher-Butler had furnished no evidence of retaliation. Because its analysis is correct, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

We begin with a procedural point. In opposing summary judgment, Welcher-Butler did not properly respond to the Postal Service's statement of material facts or file her own statement of additional facts, as required by the district court's local rules. *See* N.D. ILL. L.R. 56.1(b)(3); *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015). Because of her noncompliance, the district court adopted the Postal Service's statement. The district court has discretion to demand strict compliance with its local rules, so we uphold its decision, *see Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009), because even pro se litigants must follow these rules, *see McNeil v. United States*, 508 U.S. 106, 113 (1993). With that in mind, we recount the evidence, construing all facts and reasonable inferences in the light most favorable to Welcher-Butler. *See Andrews v. CBOCS West, Inc.*, 743 F.3d 230, 232 (7th Cir. 2014).

Welcher-Butler's troubles with the Postal Service began in 2008. At that time she was a customer-service representative in Oak Forest, and she began receiving "letters of warning." The letters identified incidents of on-the-job misconduct: failing to report a workplace accident, improperly entering overtime hours for another employee, and losing cash and postage through poor recordkeeping. In response, Welcher-Butler charged that the letters reflected discrimination. Her charges were dismissed in August 2010 after she reached an administrative settlement with the Postal Service. The settlement awarded her 40 hours of sick leave. The next month Welcher-Butler received another letter of warning. This one, for delaying the delivery of mail, was issued by Demetria Charrier, the new Oak Forest Postmaster.

Workplace problems for Welcher-Butler peaked three months later. During the busy holiday season, in December 2010, she delayed mail delivery three more times. First, on December 15 she refused to accept an after-hours delivery of mail from a shipping company, violating the office's practice of accepting late deliveries. Five days later she failed to get late-arriving mail out to carriers on their routes, contrary to Charrier's instructions. The next day she delayed by one day the delivery of hundreds of periodicals. Beyond these infractions, she also failed to report properly her delays.

Welcher-Butler's discharge soon followed. In late December, Charrier met with Welcher-Butler to ask about her recent misconduct. She initially rebuffed Charrier's questions, but when Charrier proposed to fire her based on December's infractions, Welcher-Butler tried to defend herself, saying that she had properly reported her delays. Charrier's boss, Patrick Kavanaugh, was unpersuaded and approved the discharge.

Welcher-Butler initially challenged her discharge on several grounds. Because she was a federal employee and argued that the Postal Service violated some civil-service protections, she sought relief before the Merit Systems Protection Board. *Welcher-Butler v. USPS*, No. CH-0752-11-0477-I-1, 2011 WL 6393495 (M.S.P.B. Aug. 18, 2011), *modified*, 2012 WL 11881278 (Apr. 6, 2012). She also argued to the EEOC that she had been fired because of age discrimination and retaliation for "3 other EEO cases" (she does not specify the nature of those charges). *Welcher-Butler v. Donahoe*, EEOC Decision No. 0320120045, 2013 WL 1702495 (Apr. 11, 2013). In the district court, she contested her discharge under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, alleging color, race, and national-origin discrimination, as well as retaliation. The district court dismissed as unexhausted all her discrimination claims (a ruling that she does not contest on appeal). It allowed her retaliation claim to proceed.

The Postal Service moved for summary judgment, arguing that Welcher-Butler furnished no evidence of retaliation for her prior charges. In approving her discharge, the Postal Service stated, Kavanaugh knew nothing about her prior discrimination charges. It conceded, though, that Charrier did: After becoming local postmaster, she added the 40 hours of sick leave to Welcher-Butler's leave balance, as required by the administrative settlement, which alerted her to the earlier charges. But her mere knowledge, the Postal Service argued, was insufficient under the direct method of proof to create a rational inference that, four months after the settlement, Charrier retaliated by proposing to fire her. Summary judgment was proper under the indirect method of proof as well, the Postal Service continued, because Welcher-Butler had no evidence that she met her employer's legitimate expectations or that a similarly situated employee was treated more favorably. The district court agreed and granted the motion.

On appeal Welcher-Butler continues to contest her discharge, but her principal argument is unavailing. She devotes most of her briefs to contending that her firing was "procedurally incorrect" under the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111. Relying on exhibits outside of the record on appeal, she argues that the Postal Service violated those rules when it (1) considered letters of warning that she says were too old, had been rescinded, or were improperly served on her; (2) failed to consider commendations that she received earlier in her career; and (3) discounted her potential for rehabilitation. District courts may consider claims of civil-service act violations when raised along with claims of discrimination. *See Kloeckner v. Solis*, 133 S.Ct. 596, 607 n.4 (2012). But Welcher-Butler did not present to the district court any evidence of the violations of the Act or even mention the Act. Consequently these contentions are forfeited. *See S.E.C. v. Yang*, 795 F.3d 674, 678–79 (7th Cir. 2015).

The district court properly rejected Welcher-Butler's preserved claim—retaliation. To survive summary judgment under the direct method, she had to furnish evidence that her earlier discrimination charges prompted Charrier or Kavanaugh to fire her. *See Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015). But she did not. The record suggests only that Charrier implemented the August settlement in her capacity as the new local postmaster and then, in December, she proposed firing Welcher-Butler for repeatedly delaying mail delivery. We have consistently held, though, that retaliation cannot be reasonably inferred solely from adverse action that comes months after learning about protected activity. *See Hnin v. TOA (USA), LLC.*, 751 F.3d 499, 508 (7th Cir. 2014); *Argyropoulos v. City of Alton*, 539 F.3d 724, 734 (7th Cir. 2008). Welcher-Butler supplies no evidence that her timeline is any different.

Welcher-Butler fares no better under the indirect method. That method requires evidence suggesting that she met her employer's legitimate job expectations and that her employer treated similarly situated employees who did not file EEO complaints more favorably. *See Harden v. Marion County Sheriff's Dep't*, 799 F.3d 857, 862 (7th Cir. 2015). The undisputed record shows that Welcher-Butler's repeated failure to obey her employer's policies and her supervisor's orders resulted in several unsatisfactory delays of the mail during a busy period for the Postal Service. Moreover she presented no competent evidence of comparators. Both failings are fatal to her reliance on the indirect method. *See Sklyarsky v. Means-Knaus Partners, L.P.*, 777 F.3d 892, 897 (7th Cir. 2015); *Gaines v. K-Five Const. Corp*, 742 F.3d 256, 261–62 (7th Cir. 2014).

Accordingly, the judgment of the district court is AFFIRMED.